IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. FAMBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-0952-DGK |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER STAYING CASE AND COMPELLING ARBITRATION

This lawsuit arises from *pro se* Plaintiff William L. Fambrough's allegations that Defendant Uber Technologies, Inc.'s ("Uber") deactivation of his driving account is the product of discriminatory flaws in its Drivers Platform application. This lawsuit appears related to two others, *Fambrough v. Uber Technologies, Inc.*, 4:19-cv-292-DGK and *Fambrough v. Uber Technologies, Inc.*, 4:19-cv-0398-DGK, the Court previously dismissed.

Now before the Court is Uber's Motion to Compel Arbitration (Doc. 9). Uber argues Plaintiff agreed to arbitrate any disputes with it, including the issue of whether the dispute is covered by arbitration.

Plaintiff does not dispute there is an arbitration agreement, but contends that by terminating its services agreement with Plaintiff, Uber also terminated the arbitration agreement. Plaintiff also contends that this case is actually about enforcing a prior oral settlement agreement he reached with Uber about this dispute, and that this settlement occurred when no arbitration agreement was in effect.

Under the Federal Arbitration Act, 9 U.S.C. §§ 1–307, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

of any contract." 9 U.S.C. § 2.  When presented with a motion to compel arbitration, a federal court asks "only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783–84 (8th Cir. 2016) (citations and quotations omitted).  If the answer to both questions is yes, the court must order arbitration.  *Id*.

In this case, when Plaintiff began using Uber's Driver App, he agreed to the Technology Services Agreement which contained a series of documents.  One of these documents was an arbitration provision wherein if Plaintiff did not opt out within thirty days—and he did not opt out—he agreed to arbitrate all disputes arising out of, or related to, his relationship with Uber.  The Court also finds that all the disputes here arise from, or are related to, Plaintiff's relationship with Uber.  The only wrong claimed in Plaintiff's Petition for Damages (Doc. 1-2)—racial discrimination in Uber's policies and procedures—arises from Plaintiff's relationship with Uber.  There is nothing in the Petition about a prior settlement.  But, even if the Court were somehow to read the Petition as also asserting a claim for breach of a prior settlement, the arbitration agreement is sufficiently broad to at least arguably cover this claim as well, and the arbitration agreement delegates the issue of arbitrability to the arbitrator.  Accordingly, the Court holds there is a valid arbitration agreement, and the parties' dispute(s) fall within it.

Uber's motion (Doc. 9) is GRANTED.  This case is stayed, and the parties must submit their dispute(s) to arbitration.  The parties shall provide the Court with a joint status update on the progress of the arbitration every three months.

**IT IS SO ORDERED.**

Date:  June 12, 2020 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT